**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

DANIEL B. HAMBY, JR.                                                                    PLAINTIFF

v.                                            No. 4:04CV02254 JLH

CLEARWATER CONSULTING
CONCEPTS, LLLP; CCC HOLDINGS, LLC;
LANCE TALKINGTON; and
THEODORE C. SKOKOS, JR.                                                         DEFENDANTS

<u>**OPINION AND ORDER**</u>

The defendants have filed a Motion for Costs, Fees and Expenses.  Document #101.  They

have also filed a Bill of Costs.  Document #103.

The motion for attorneys' fees and expenses is filed pursuant to section 16-22-308 of the

Arkansas Code, which provides that a court may award attorneys' fees to the prevailing party in a

breach of contract case.  That statute places the decision of whether to award fees and the amount

of such fees within the discretion of the trial court.  *Phi Kappa Tau Housing Corp. v. Wengert*, 350

Ark. 335, 341, 86 S.W.3d 856, 860 (2002); *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229-30, 800

S.W.2d 717, 718-19 (1990).  Arkansas case law provides little guidance on the issue of what factors

should guide the court's decision whether to exercise the discretion to award fees to the prevailing

party in a contract case.

Here, Hamby brought this action alleging breach of contract and violation of the Arkansas

securities laws.  He dismissed the securities claim at trial.  The defendants prevailed on Hamby's

breach of contract claim.  They also prevailed on a counterclaim for breach of contract.  The

defendants have not submitted itemized statements from their attorneys, but they have submitted an

affidavit from Randy Coleman summarizing the fees and expenses that they claim.  The defendants

seek to recover for 597.23 hours of time for Randy Coleman at $150 per hour for a total of $89,585. They also seek to recover 72.5 hours of time for Randy Coleman during trial at $300 per hour for a total of $21,750.  For Courtney McLarty, they seek to recover 60.0 hours for pretrial time at $125 per hour for a total of $7,500; and 45.0 hours during trial at $250 per hour for a total of $11,250. The grand total for attorneys' fees that the defendants seek comes to $130,085.  The defendants also seek to recover copying expense in the amount of $1,879.36, Federal Express charges in the amount of $140.31, and approximately $3,000 in travel expenses for Randy Coleman to attend the depositions of his clients in the United States Virgin Islands.

The Court is convinced that this is an appropriate case for an award of attorneys' fees under section 16-22-308 of the Arkansas Code.  That statute does not require bad faith or any degree of culpability on the part of the losing party.  *See State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 58-61, 991 S.W.2d 555, 560-62 (1999) (affirming trial court's award of attorneys' fees to prevailing plaintiff in insurance coverage dispute, even though insurer was found not to have acted in bad faith).  *But cf. Jones v. Abraham*, 67 Ark. App. 304, 316, 999 S.W.2d 698, 706 (1999) (trial court denied prevailing parties' motion for attorneys' fees because the opposing parties acted in good faith and their attorneys "did an excellent job").  No Arkansas case has held that a court should award attorneys' fees pursuant to this statute only when the losing party was guilty of bad faith or some degree of culpability. Despite *Jones v. Abraham*, based on the undersigned judge's experience as a lawyer and from a review of the cases citing section 16-22-308, the Court believes that the Arkansas courts typically award fees to the prevailing party in breach of contract cases unless there is some important reason not to do so.  No such reason presents itself here.

As to the amount of the fees, the Arkansas Supreme Court has stated:

2

> [A]lthough there is no fixed formula in determining the computation of attorney's fees, the courts should be guided by recognized factors in making their decision, including the experience and the ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

*Chrisco*, 304 Ark. at 229, 800 S.W.2d at 718-19. *See also* HOWARD W. BRILL, ARKANSAS LAW OF DAMAGES § 11:13 (5th ed. 2004).

The parties have not submitted affidavits from lawyers in central Arkansas regarding market rates for lawyers in central Arkansas, but the undersigned is familiar with the rates for lawyers engaged in commercial litigation in central Arkansas. The hourly rate charged by Mr. Coleman for his time before trial is a below-market rate for a lawyer of his experience and ability engaged in commercial litigation in central Arkansas. The rate that he charged for his trial time is at or near the top of the market for a lawyer of his experience and ability engaged in commercial litigation in central Arkansas. The hourly rate charged for Ms. McLarty's time before trial is a reasonable hourly rate for a lawyer of her experience and ability engaged in commercial litigation in central Arkansas. The hourly rate charged for her time during trial is above the market rate for a lawyer of her experience.

It is difficult to judge the reasonableness of the time that Mr. Coleman devoted to the case before trial in the absence of itemized timesheets. Almost 600 hours before trial seems like a lot for this case, though the Court does not doubt Mr. Coleman's word that he actually devoted that amount of time to this case. As to the amount in controversy, the plaintiff sought judgment in the amount of $256,000 plus prejudgment interest, attorneys' fees, and costs. In their counterclaim, the

defendants sought judgment in the amount of $120,259 plus interest, attorneys' fees, and costs. They recovered $21,000. Realistically, the amount in controversy was no more than $256,000, because that was the largest amount that either side could recover. Because the case involved provisions of the tax laws that create the Virgin Islands Economic Development Program, there was some degree of novelty and difficulty, though the actual breach of contract issue was fairly simple. The fee in this case was fixed, not contingent. Nothing about the case would have precluded Mr. Coleman or Ms. McLarty from accepting other work.

In addition to these factors, the Court notes that some of the time that Mr. Coleman and Ms. McLarty devoted to this case must have been devoted to the securities claim and to the defendants' third-party complaint against Russell McAdams. The statute pursuant to which the securities claim was brought permits the plaintiff to recover attorneys' fees if the plaintiff prevails, but it does not provide for recovery of fees by a prevailing defendant. *See* ARK. CODE ANN. § 23-42-106(a)(1). Insofar as this statute provides for an award of fees to a prevailing plaintiff but not a prevailing defendant, it is similar to section 23-79-208 of the Arkansas Code, which provides for an award of fees to an insured but not an insurer in a coverage dispute. The Arkansas Supreme court has held, "Because attorney's fees are awarded only when expressly allowed by statute or rule, the silence of such fee awards to insurers in §§ 16-22-308 and 23-79-208 can only be interpreted to mean that the General Assembly never intended that attorney's fees be awarded to insurers when an insured has filed an action seeking recovery for a claim under his or her policy." *Village Market, Inc. v. State Farm Gen. Ins. Co.*, 334 Ark. 227, 229-30, 975 S.W.2d 86, 87 (1998). Likewise, the General Assembly did not intend for a prevailing defendant to recover attorneys' fees in a securities

case. Thus, it would be inappropriate to award fees for time spent defending the securities claim.[1]

As to the third-party complaint, the defendants pursued this claim through trial and then voluntarily

dismissed it.  The defendants are not entitled to recover attorneys' fees for the time devoted to the

third-party complaint against Mr. McAdams.  Because fees may be awarded on the contract claims

but not the securities count or the third-party complaint, the appropriate course is to apportion the

fees to exclude fees for time spent on claims that is not recoverable.  *Cf. Kennedy Bldg. Assocs. v.*

*Viacom, Inc.*, 375 F.3d 731, 749 (8th Cir. 2004); *Gopher Oil Co. v. Union Oil Co.*, 955 F.2d 519,

527 (8th Cir. 1992).

Based on the Court's observations of the case, the Court believes that the trial likely would

have been one day shorter had the securities claim and the claim against McAdams been excluded.

The Court also believes that, if the securities claim and the claim against McAdams had been

excluded, perhaps the time devoted to this case could have been as little as two-thirds of the amount

that was actually devoted.  Based on those assumptions, the Court will award fees as follows:

| | | |
|---|---|---|
| Mr. Coleman before trial: | 400 hours x $150 per hour = | $60,000 |
| Mr. Coleman during trial: | 60 hours x $300 per hour = | 18,000 |
| Ms. McLarty before trial: | 40 hours x $125 per hour = | 5,000 |
| Ms. McLarty during trial: | 40 hours x $125 per hour = | 5,000 |
| | Total | $88,000 |

*See Wengert*, 350 Ark. at 344-45, 86 S.W.3d at 861 (affirming trial court's award of attorneys' fees

in a lesser amount than requested by the prevailing parties because the court could not tell from the

billing statement which legal services were performed on the prevailing parties' claims and which

---

[1] The complaint also contained a claim for unjust enrichment, but that claim was voluntarily dismissed before trial.  There is no indication that either party devoted any time to the unjust enrichment claim.

were performed in defense of counterclaims and third-party complaints).  The sum of $88,000 is approximately one-third of the amount in controversy, so it is roughly equivalent to a reasonable contingent fee on a claim of $256,000.  Apart from these calculations, viewing the case as a whole and taking into account all of the factors listed in *Chrisco*, the Court believes that this amount represents a reasonable fee under section 16-22-308.

As to the expenses, the defendants do not challenge the copying expense of $1,879.36 or the Federal Express charges of $140.31.  Those amounts will be allowed.  Hamby argues that the expenses for Randy Coleman to travel to the Virgin Islands to attend his clients' depositions should be disallowed because the defendants could have been deposed in Mr. Coleman's office on one of their many trips to Arkansas for other business.  According to Hamby, he requested that the depositions be conducted in Arkansas, but the defendants refused.  According to the defendants, the depositions were held in the Virgin Islands by agreement so that Hamby's lawyers could have contemporaneous access to the defendants' records.  Regardless of whose version is accurate, the records could have been shipped to Little Rock and the depositions conducted here while the defendants were here on other business.  Whether the defendants insisted that they be deposed in the Virgin Islands or whether the parties agreed to conduct depositions there, the travel to the Virgin Islands was unnecessary, and the cost of it will not be allowed.  The Court will award expenses in the total amount of $2,019.67.

The defendants have not objected to the Bill of Costs.  Therefore, the Bill of Costs will be allowed in the amount of $6,168.90.

## CONCLUSION

Pursuant to section 16-22-308 of the Arkansas Code, the Court awards attorneys' fees and

6

expenses in the total amount of $90,019.67.  The Court awards costs pursuant to the Bill of Costs

in the total amount of $6,168.90.  Judgment will be entered separately in the total amount of

$96,188.57.

　　　　IT IS SO ORDERED this 12th day of July, 2006.


　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　J. LEON HOLMES
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE